H. Rebeca Vasquez State Bar No. 275247
LAW OFFICES OF H. REBECA VASQUEZ
111 Vine Street
Santa Maria, California 93454
Telephone: (805) 354-0156
Facsimile: (805) 354-0425
Email: RebecaVasquezEsq@gmail.com

Attorney for Plaintiff, Ashley Everett

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA—SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>PHILIP M. LAWERENCE II.,<br><br>Debtor.<br>---<br>ASHLEY EVERETT<br><br>Plaintiff,<br><br>vs.<br><br>PHILIP M. LAWRENCE, II.<br><br>Defendants. | Case No. 1:23-bk-11082-VK<br>Chapter 7<br>Adv. Proc. No. Adv. Proc. No.<br>1:23-ap-_____-VK<br><br>**COMPLAINT TO DETERMINE DEBT NON-DISCHARGEABLE UNDER 11 U.S.C. § 523**<br><br>**Status Conference:**<br>Date: [To be set by the Court]<br>Time: [To be set by the Court]<br>Ctrm: "301"<br>       21041 Burbank Blvd<br>       Woodland Hills, California 91367<br><br>**[See Summons]** |

Ashley Everett, the plaintiff herein ("Ashley"), alleges as follows:

## JURISDICTION AND VENUE

1. On August 23, 2023, defendant Philip M. Lawrence II. ("Defendant") filed a voluntary petition pursuant to Chapter 11 of Title 11 of the United States Code, in the United States Bankruptcy Court for the Central District of California ("Bankruptcy Court"). On September 12, 2023, the Defendant's case was converted to a case under Chapter 7 of the Bankruptcy Code. Defendant's case is pending before the Bankruptcy Court as Case No. 1:23-bk-11082-VK.

-1-

2. The Bankruptcy Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334 and 11 U.S.C. § 523.

3. The United States District Court has referred this matter to the Bankruptcy Court pursuant to 28 U.S.C. §157(a).

4. The Bankruptcy Court has jurisdiction to hear this matter as a core proceeding pursuant to 28 U.S.C. §157(b)(2)(I) and (J).

5. Venue is proper pursuant to 28 U.S.C. §1408.

## COMMON ALLEGATIONS

6. Ashley repeats, realleges and incorporates by reference herein Paragraphs 1 through 5, inclusive, of this Complaint as though fully set forth hereat.

7. Ashley is an individual, residing in the State of California. At all times herein, Ashley was a creditor and employee of Defendant.

8. On August 3, 2023, Defendant commenced this bankruptcy case. At that time, Defendant filed his bankruptcy schedules ("Schedules") and statement of financial affairs ("SOFA") with the Bankruptcy Court [*Docket No. 1*]. Defendant did not list Ashley as a creditor in the Schedules.

9. On August 15, 2023, Defendant filed his Amended Schedules [*Docket No. 39*], listing Ashley as a creditor for $435,000, and indicating the debt is disputed.

10. On October 13, 2023, Defendant appeared at the meeting of creditors, pursuant to Bankruptcy Code §341(a). Defendant was questioned by counsel for the Trustee, and Defendant failed to identify Ashley as one of his creditors. Defendant falsely testified that he did not know why Ashley was living in the real property located at 9639 Amigo Avenue, Northridge, California, 91324 ("Amigo").

-2-

## FIRST CLAIM FOR RELIEF
(To Determine Debt Non-Dischargeable Pursuant to 11 U.S.C. §523(a)(2)(A))

11. Ashley repeats, realleges and incorporates by reference herein Paragraphs 1 through 10, inclusive, of this Complaint as though fully set forth hereat.

12. On or about January 6, 2017, in Los Angeles, California, Defendant solicited Ashley and induced her to commence employment for him, as a second assistant for the household. Defendant represented to Ashley that if she moved to California from Texas she would be taken care of and paid generously for her services, including $4,000.00 monthly salary and free housing in the Defendant's guest home.

13. On or about January 27, 2017, Defendant called Ashley on FaceTime and further induced her move to California to work for him, stating that she would assist in the home or with anything he or his household and or businesses needed when he was on tour.

14. On or about February 23, 2017, Ashley relied on Defendant's representation and moved to California and commenced her employment.

15. On or about July 30, 2019, Defendant promised Ashley an employment bonus of a real estate property. On or about July 24, 2020, this real estate property bonus changed to $400,000.00 to be paid in cash. Defendant used this promise to further induce Ashley to continue her employment with Defendant. On more than one occasion Defendant expressed to Ashley that the bonus was hers and that she had earned it.

16. On or about July 26, 2020, Defendant offered to finance a real property of Ashley's choosing, and incorporate the $400,000.00 bonus into the real property. The agreement included that Ashley would finance the property and be responsible for the remainder of the loan, including any taxes that had been paid by Defendant, such that her bonus would not exceed $400,000.00. It was further agreed that Ashley would be entitled to any equity accrued on Amigo from the date of purchase through the date Ashley refinanced said property. On September 29, 2020, Defendant

-3-

purchased Amigo. Said property was selected by Ashley and the sale price in September of 2020 was $960,000.00.

17. Ashley relied on Defendant's representation that she would be able to keep the home and made improvements to Amigo – which totaled over $65,000.00. Ashley began making improvements on Amigo in 2020 and continued to do so through 2022 and to present time.

18. Defendant also induced Ashley to pay for his personal and household expenses in the course of her employment with Defendant and made false promises of reimbursement to Ashley. These household and personal reimbursements exceed $50,000.00.

19. On March 5, 2021, Defendant demanded that Ashley purchase a gift from Gucci for an artist signed to Defendant's record label, despite Defendant's knowledge that he did not have a working credit card that Ashley could use. Ashley relied on Defendant's representation that he would reimburse her.

20. On March 25, 2021, while Defendant temporarily resided in New York, Defendant instructed Ashley to move him and his family into a new home that they had purchased. However, Defendant did not provide Ashley with working credit cards to pay for the moving costs. Defendant insisted that Ashley use her own credit cards and monies to pay for the moving costs. Additional non-reimbursed expenses advanced by Ashley to Defendant include but are not limited to household purchases, airfare, ground transportation and payments to individuals for cleaning services, moving services, locksmith services and landscaping.

21. The Defendant also failed to pay Ashley over $63,000.00 of wages which were accumulated during a seven (7) month period (August 2022 through February 2023). Defendant continued to allow Ashley to work for him, continued to allow her to pay for his personal and household expenses and unjustly enriched himself when he maliciously and intentionally failed to pay her wages or reimburse her.

-4-

22. Defendant's representations concerning Ashley's employment, wages, bonus and reimbursements were false and fraudulent. The actual facts were that Defendant never intended for Ashley to receive a bonus nor did he intend to repay Ashley for any reimbursements. Rather, Defendant induced Ashley to acquire debt on her own credit cards causing her to ruin her credit standing.

23. The full extent and damages caused by Defendant's actions is not fully known to Ashley at this time, and Ashley will amend this complaint to assert the same as discovery is commenced. However, some of Defendant's actions which evidence Defendant's secret intentions to defraud, are summarized above:

24. Ashley is informed and believes, and based thereon alleges that in doing the things alleged herein, Defendant acted with malice, oppression and willful disregard for the rights of Ashley, and by reason of these acts, Ashley is entitled to punitive and exemplary damages in an amount subject to proof at trial.

25. As a direct and proximate result of Defendant's false pretenses, false representations, or actual fraud, Ashley has suffered damages in an amount to be proved at trial. As such, Ashley is entitled to a judgment in an amount certain, and a determination that such amount is non-dischargeable pursuant to Bankruptcy Code § 523(a)(2)(A).

**SECOND CLAIM FOR RELIEF**
(To Determine Debt Non-Dischargeable Pursuant to 11 U.S.C. §523(a)(6))

26. Ashley repeats, realleges and incorporates by reference herein Paragraphs 1 through 25, inclusive, of this Complaint as if fully set forth hereat.

27. As set forth above, Defendant's willful and malicious conduct caused injury and damages to Ashley in an amount to be proved at trial. Accordingly, grounds exist for determining Defendant's obligations to Ashley to be non-dischargeable pursuant to Bankruptcy Code §523(a)(6).

WHEREFORE, Ashley prays for judgment against Defendant as follows:

1.     For a judgment in favor of Ashley and against Defendant in amount certain;

2.     For a judgment determining that such amount owed by Defendant to Ashley is non-dischargeable pursuant to Bankruptcy Code §§ 523(a)(2), and/or (a)(6); and

3.     For such other and further relief as the Bankruptcy Court deems just and proper.

Dated:  December 11, 2023        Law Offices of H. Rebeca Vasquez

By: */s/ H. Rebeca Vasquez*
    HERLINDA REBECA VASQUEZ
    Attorney for Plaintiff

**B1040 (FORM 1040) (12/15)**

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**  Ashley Everett | **DEFENDANTS**  Philip Martin Lawrence II |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Law Offices of H. Rebeca Vasquez<br>111 Vine Street, Santa Maria, California 93454<br>Telephone: (805) 354-0156 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor   ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☒ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Complaint to determine debt non-dischargeable pursuant to 11 U.S.C. § 523

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☒ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $578,000 (approximately) |

Other Relief Sought

**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR  Philip Martin Lawrence II | | BANKRUPTCY CASE NO.  1:23-bk-11082-VK | |
| DISTRICT IN WHICH CASE IS PENDING  Central District California | | DIVISION OFFICE  Woodland Hills | NAME OF JUDGE  Victoria Kaufman |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)  /s/ H. Rebeca Vasquez | | | |
| DATE  December 11, 2023 | | PRINT NAME OF ATTORNEY (OR PLAINTIFF)  H. Rebeca Vasquez | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.